## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          CASE NO. 4:17-CR-00334-BSM

STEVEN RAY AGUINAGA                                         DEFENDANT

## <u>ORDER</u>

Steven Aguinaga's pro se motion to vacate, set aside, or correct his sentence [Doc. No. 59] is denied.

Aguinaga was sentenced to 120 months of imprisonment after pleading guilty to being a felon in possession of a firearm.  Doc. Nos. 17 & 27.  He is moving to vacate, set aside, or correct his sentence under 28 U.S.C. section 2255 because (1) the law prohibiting felons from possessing firearms was unconstitutionally applied and (2) he has been rehabilitated.  Doc. No. 59.  His motion is denied.

The law prohibiting Aguinaga from possessing a firearm is constitutional.  *See United States v. Jackson*, 110 F.4th 1120, 1125–29 (8th Cir. 2024) (statute precluding non-violent felons from possessing firearms does not violate the Second Amendment despite record of prior offenses not showing that defendant is more dangerous than the typical law-abiding citizen).  Also, while Aguinaga's post-sentencing rehabilitation efforts are commendable, they do not warrant a sentence reduction.  *See United States v. Spivey*, No. 1:11-CR-10024-001, 2024 WL 4584984, at *6 (W.D. Ark. Sept. 3, 2024).  There is no need to conduct an evidentiary hearing because the record conclusively shows that Aguinaga is not entitled to

relief.  *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014).  No certificate of appealability is issued because Aguinaga has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 7th day of July, 2025.

_____
UNITED STATES DISTRICT JUDGE